IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDRA STEPHENS,          :    No. 3:21cv957
    Plaintiff                               :
                                                 :    (Judge Munley)
v.                                                   :
                                                 :
KALAHARI RESORTS, LLC d/b/a     :
KALAHARI RESORTS &                 :
CONVENTIONS and PROSLIDE     :
TECHNOLOGY, INC.,                     :
    Defendants                         :
............................................................................................

## MEMORANDUM ORDER

Before the court is a pre-trial motion filed by Plaintiff Alexandra Stephens requesting that the court either: 1) enter an order equitably estopping Defendant Kalahari Resorts, LLC from asserting at trial that it did not own or operate the Kalahari waterpark where the plaintiff was allegedly injured; or 2) enter an order allowing plaintiff to file an amended complaint. (Docs. 94, 94-1). Defendant Kalahari Resorts, LLC opposes. (Doc. 97). Briefing on plaintiff's motion has recently been completed and this matter is ripe for disposition.

As alleged in plaintiff's complaint, she sustained fractures of her spine after being ejected from an inflatable raft while riding a waterslide called "Smoke That Thunders" at a Kalahari waterpark resort in Pocono Manor, Monroe County, Pennsylvania. (Doc. 1, Compl. ¶¶ 10, 14, 20). She seeks damages from both Kalahari Resorts, LLC and ProSlide Technology, Inc. ("ProSlide"). According to

the complaint, ProSlide designed, manufactured, and/or installed Smoke That Thunders. Id. ¶ 13. This matter is presently scheduled for trial beginning October 7, 2025.

Stephens initiated this action on May 26, 2021. In Paragraph 10 of the complaint, plaintiff specifically asserts that Kalahari Resorts, LLC owned and operated the waterpark at the time of the incident. Id. ¶ 10. Kalahari Resorts, LLC's answer, filed on July 9, 2021, responded to Paragraph 10 by stating: "Admitted that Kalahari Resorts, LLC owns the property; the remainder of this paragraph is denied." (Doc. 5 ¶ 10). Kalahari Resorts, LLC also raised the following affirmative defense: "The injuries and damages alleged by plaintiff are the direct and proximate result of acts and/or omissions of entities other than Kalahari Resorts, LLC and over whom Kalahari had neither control nor the right to control nor the duty to control." Id. ¶ 48.

The parties engaged in discovery for approximately three (3) years, requesting documents, answering interrogatories, taking depositions, and exchanging expert reports. After the case management deadlines passed without a dispositive motion, the court set this matter for a pretrial conference.

On January 30, 2025, Kalahari Resorts, LLC filed a pretrial memorandum. (Doc. 85). That pretrial memorandum states: "Defendant Kalahari Resorts, LLC, is the owner of the real estate on which the Pocono Manner Kalahari Resort is

constructed...Kalahari Resorts, LLC, does not operate the Kalahari water park and does not employ the staff at the water park." Id. at 1. Subsequently, Stephens filed the instant motion anticipating that Kalahari Resorts, LLC would defend against plaintiff's claims at trial by arguing that it only owned the real estate and not the waterpark and/or that it was not the entity that operated the waterpark at the time of plaintiff's incident. (Doc. 94-1, Pl. Br. in Supp. at 3–4).

As alluded to above, Stephens's motion requests an order estopping Defendant Kalahari Resorts, LLC from making the above assertions at trial. (Doc. 94-18, Proposed Order). In the alternative, Stephens seeks an order permitting her to amend her complaint "to correct the name of the correct Kalahari [c]orporate [d]efendant from Kalahari Resorts LLC to Kalahari Resorts PA LLC," id., or to "add Kalahari Resorts PA LLC as an additional defendant," (Doc. 94-1, Pl. Br. in Supp. at 14).[1]

Kalahari Resorts, LLC opposes, arguing that Stephens is really seeking partial summary judgment on the identity of ownership and operations defendants after failing in her duty of inquiry during discovery. (Doc. 97, Def. Br. in Opp. at 5–7). Kalahari Resorts, LLC also contends that amendment of the

---

[1] A proposed amended complaint provided by Stephens only seeks to replace Defendant Kalahari Resorts, LLC with Kalahari Resorts PA, LLC. (Doc. 94-17).

3

complaint is improper because Stephens has failed to meet the requirements set forth in Federal Rule of Civil Procedure 15(c)(1). Id. at 8–11.

### 1. Estoppel

Stephens asks the court to apply principles of equitable estoppel against Kalahari Resorts, LLC during the trial proceedings. Equitable estoppel is:

> a doctrine of fundamental fairness, dependent on the particular facts of each case; it arises when a party, by acts or representations intentionally or through culpable negligence, induces another to believe that certain facts exist and such other relies and acts on such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts.

Kuharchik Constr., Inc. v. Commonwealth, 236 A.3d 122, 138 (Pa. Commw. Ct. 2020) (internal quotation marks and citations omitted).

Stephens's reference to equitable estoppel is not to be confused with judicial estoppel or the judicial admission doctrine, but these concepts are worth mentioning. "Judicial estoppel prevents a party from 'playing fast and loose with the courts' by adopting conflicting positions in different legal proceedings (or different stages of the same proceeding)." In re Teleglobe Commc'ns Corp., 493 F.3d 345, 377 (3d Cir. 2007), as amended (Oct. 12, 2007). "In deciding whether to apply judicial estoppel, a court considers various factors, including whether the party's position is clearly inconsistent with its earlier position and whether the party changing position would gain an unfair advantage over the opposing party."

4

In re Armstrong World Indus., Inc., 432 F.3d 507, 517–18 (3d Cir. 2005). Under the judicial admission doctrine, admissions must be unequivocal to be binding and "they must be statements of material fact that require evidentiary proof, not statements of legal theories." In re Teleglobe Commc'ns Corp., 493 F.3d at 377 (citing Glick v. White Motor Co., 458 F.2d 1287, 1291 (3d Cir. 1972)).

In support of her equitable estoppel argument, Stephens asserts that Kalahari Resorts, LLC did not object to document requests seeking information related to Smoke That Thunders, waterpark operational procedures, employees that worked at the waterpark, and records related to other incidents. Id. at 4. Rather, Kalahari Resorts, LLC produced responsive documents. Id.; see also (Doc. 94-2, 94-7). Specifically, Kalahari Resorts, LLC produced a purchase agreement with ProSlide wherein Kalahari Resorts, LLC is identified as the buyer of water rides and services from ProSlide. (Doc. 94-4, Pl. Ex. C.). Additionally, according to Stephens, Kalahari Resorts, LLC should be estopped because it answered interrogatories served by the plaintiff without objection. (Doc. 94-1, Pl. Br. in Supp. at 6). Specifically, Kalahari Resorts, LLC responded to various interrogatories by providing information to the plaintiff related to the topic areas identified above. (Doc. 94-5 at ECF pp. 10–16; Doc. 94-6 at ECF pp. 3–7). Further, Stephens seeks to preclude a defense to ownership and control by arguing that Kalahari Resorts, LLC's counsel identified waterpark directors,

5

directors of security, and the property's safety manager in email exchanges and then plaintiff scheduled some of these identified individuals for their deposition.

On one hand, Kalahari Resorts, LLC did not file a motion to dismiss or a motion for summary judgment arguing that it is not the proper party to be sued in this matter. On the other hand, Stephens has pointed to nothing in the pleadings or in the discovery responses in this case where Kalahari Resorts, LLC affirmatively misrepresented that it owned and operated the waterpark. The court sees no basis to apply equitable estoppel.

As for judicial estoppel, Stephens's motion references the answer filed in Saginaro v. Kalahari Resorts, LLC, No. 23cv1053 (M.D. Pa.) (Bloom, C.J.). (Doc. 94-11, Pl. Ex. J.). In Saginaro, plaintiff filed suit against two defendants, Kalahari Resorts, LLC and Kalahari Resorts PA, LLC, d/b/a Kalahari Resorts & Conventions. Id. The defendants' answer in the Saginaro matter admits that: "on July 31, 2022, Kalahari Resorts, LLC was, and still is, the owner of the waterpark resort known as 'Kalahari Resorts & Conventions – Poconos' located at 250 Kalahari Boulevard, Pocono Manor, PA." Id. ¶ 12. This answer also admits that: "on July 31, 2022, Kalahari Resorts PA, LLC D/B/A Kalahari Resorts & Conventions – Poconos leased the waterpark resort known as 'Kalahari Resorts & Conventions – Poconos' located at 250 Kalahari Boulevard, Pocono Manor, PA." Id. ¶ 13.

The applicability of judicial estoppel is fact specific, however. See In re Kane, 628 F.3d 631, 639 (3d Cir. 2010). Standing on its own, this record from Saginaro is insufficient to justify application of judicial estoppel. That is, Stephens allegedly sustained injuries on July 4, 2020, and the answer from Saginaro concerns a later incident. Moreover, Stephens has not specifically asserted judicial estoppel and Kalahari Resorts, LLC has not been fully heard on the issue. See Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 780, n.5 (3d Cir. 2001) (citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 807 (1999). Consequently, neither equitable estoppel nor judicial estoppel are available to provide Stephens with relief at this time.

### 2. Motion to Amend

Stephens also requests an opportunity to add a defendant or correct the name of the defendant in an amended complaint. Such a request is governed by Federal Rule of Civil Procedure 15. This rule allows a party to amend a complaint upon leave of court and provides that leave "shall be freely given when justice so requires." FED. R. CIV. P. 15(a).

Under Pennsylvania law, the statute of limitations governing personal injury claims is two years. 42 PA. CONS. STAT. § 5524(7). The statute of limitations in this case expired on July 4, 2022, two years after Stephens's incident occurred.

To overcome the statute of limitations, Stephens must show, through Rule 15(c), that her proposed amendment " 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Rule 15(c) provides:

> **(c) Relation Back of Amendments.**
>
> > ***(1) When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:
> >
> > > **(A)** the law that provides the applicable statute of limitations allows relation back;
> > >
> > > **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> > >
> > > **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > >
> > > > (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
> > > >
> > > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c).

The court begins its relation back analysis with Rule 15(c)(1)(A). This rule provides that an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." FED. R. CIV. P. 15(c)(1)(A). Under Pennsylvania law, which supplies the statute of limitations in this case, "[a] plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired." Kincy v. Petro, 2 A.3d 490, 497 (Pa. 2010). Thus, Stephens cannot add Kalahari Resorts PA, LLC or any other Kalahari-related entity under Rule 15(c)(1)(A).

As for Rule 15(c)(1)(C), this provision references an amendment that "changes the party or the naming of the party against whom a claim is asserted[.]" Id. The Third Circuit Court of Appeals construes this rule as addressing amendments regarding "newly added defendant[s]," Moore v. Walton, 96 F.4th 616, 623 (3d Cir. 2024), and "amendment[s] to add or substitute defendants[,]" Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004), abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Krupski, 560 U.S. at 541 (holding "that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known"). Consequently, whether Stephens intends to add Kalahari Resorts PA, LLC to this action or

9

change the name of Kalahari Resorts, LLC to Kalahari Resorts PA, LLC, the analysis remains the same.

Under Rule 15(c)(1)(C), a plaintiff may add defendants or change the name of a party against whom claims are asserted only if:

> (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;" and

> (2) within the ninety-day time period for serving a defendant after a complaint is filed provided by Rule 4(m), "the party to be brought in by amendment ... received such notice of the action that it will not be prejudiced in defending on the merits and ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Rivera v. New Castle Cnty. Police Dep't, No. 24-1338, --- F.4th ----, 2025 WL 2396855, at *2 (3d Cir. Aug. 19, 2025) (citing Fed. R. Civ. P. 15(c)) (cleaned up).

Kalahari Resorts, LLC argues that Stephens cannot comply with Rule 15(c)(1)(C)'s requirements, emphasizing the plaintiff's "lack of knowledge of the proper party, and her subsequent utter failure to elicit the true identity of the owner/operator of the waterpark during discovery." (Doc. 97 at 10). Focusing on the plaintiff's knowledge, however, is the improper inquiry here. See Rivera, 2025 WL 2396855, at *3. After review of the docket and exhibits to the motion regarding what Kalahari Resorts PA LLC knew or should have known, the court will grant plaintiff leave to file an amended complaint.

10

First, the amended complaint, as proposed, only asserts a claim that arose out of the conduct or occurrence set out in plaintiff's original pleading. (Compare Doc. 1, to Doc. 94-18). Next, regarding timing, Stephens filed her complaint on May 26, 2021. (Doc. 1). She subsequently filed a server's affidavit indicating that the complaint was served on a supervisor for Kalahari Resorts, LLC on June 15, 2021, or within the 90-day period provided by Rule 4(m). (Doc. 4).

As for Kalahari Resorts PA, LLC's potential notice of the action as the prospective defendant, the complaint in this case was served upon Kalahari Resorts, LLC at 1305 Kalahari Drive, Wisconsin Dells, Wisconsin. Id. To support her request to add or substitute Kalahari Resorts PA, LLC, Stephens's motion attaches a notice of removal filed by the prospective defendant in Sesso v. Kalahari Resorts PA, LLC, No. 22cv842 (M.D. Pa.) (Mannion, J.). (Doc. 94-13). The Sesso notice of removal avers that the plaintiff had filed suit against numerous Kalahari-related entities. Id. n.1. In that case, however, the parties agreed to voluntarily dismiss all entities except Kalahari Resorts PA, LLC. Id. The Sesso notice of removal further avers that Kalahari Resorts PA, LLC has one member, KR SPE, LLC, and that KR SPE, LLC has one member, Kalahari Resorts, LLC. Id. ¶¶ 5–7. Tying the Kalahari-entities together for the purposes of this action, the notice of removal in Sesso provides that KR SPE, LLC and Kalahari Resorts, LLC both maintain their principal place of business at 1305

11

Kalahari Drive, Wisconsin Dells, Wisconsin, the same address where Stephens effectuated service in this case.

With such representations provided by Kalahari Resorts PA, LLC to this court in another matter, " 'Kalahari' by whatever related corporate name" had notice of this action upon service of the complaint as originally filed. (Doc. 94-1, Br. in Supp at 14). The above evidence also reflects that Kalahari Resorts PA, LLC knew or should have known that this action would have been brought against it, but for a mistake by the plaintiff concerning the proper party's identity. Kalahari Resorts PA, LLC will not be prejudiced if it is named as a defendant in this action, either through addition or substitution. The entities associated with the Kalahari waterpark in question have enjoyed a vigorous defense of Stephens's claims thus far. The addition of Kalahari Resorts PA, LLC at this time will come as no surprise, nor will it impair Kalahari Resorts PA, LLC's defenses at trial. Rule 15(a) provides that leave to amend should be freely given. The court will thus do so here.

Consequently, it is hereby **ORDERED** that:

1) Plaintiff's motion, (Doc. 94), is **GRANTED** in part and **DENIED** in part;

2) Plaintiff's request for a preclusion order based on equitable estoppel is **DENIED**;

12

3) Plaintiff's request for leave to file an amended complaint is **GRANTED**; and

4) Plaintiff may file an amended complaint consistent with this order within the next seven (7) days;

Date: 8/28/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court